IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MADISON HEIGHTS II LP,** *et al.*                                                               **PLAINTIFFS/
COUNTER-DEFENDANTS**

v.                 **CASE NO. 4:21-CV-01190-BSM**

**ITEX PROPERTY MANAGEMENT LLC**                       **DEFENDANT/
COUNTER-CLAIMANT**

## ORDER

ITEX Property Management, LLC's motion for summary judgment [Doc. No. 40] is granted in part and denied in part, and its motion to strike [Doc. No. 62] is granted in part and denied in part. Plaintiffs' motion for partial summary judgment [Doc. No. 43] is granted in part and denied in part. Plaintiffs' breach-of-contract claim and ITEX's false-light claim are dismissed with prejudice.

I. BACKGROUND

This is a contract dispute between plaintiffs University Heights, LP; Madison Heights II, LP; and MHA MAGM, LP—the owners of three low-income housing developments in Little Rock—and ITEX, the company they hired to manage the properties. Plaintiffs are limited partnerships whose limited partner is the nonprofit Central Arkansas Housing Corporation ("CAHC"). ITEX entered into agreements with University Heights and Madison Heights II to manage properties at Madison Heights I and II. Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 9, Doc. No. 41. ITEX entered into an agreement with either Granite Mountain Development, LP, or MHA MAGM (the parties dispute which

entity is the owner) to manage the Homes at Granite Mountain. *Id.* ¶ 10. The Metropolitan Housing Alliance ("MHA"), a public entity, owns the land where these housing developments are built. Aff. of Kenyon Lowe ¶ 6, Doc. No. 61-3.

Under the management agreements, ITEX was to collect rent, provide maintenance, make repairs costing less than $10,000, market the properties, and pay the mortgage and insurance premiums, among other management duties. Def.'s SUMF ¶ 12. The agreements also provided that, if either party wanted to terminate the agreements for breach, that party had to provide notice and an opportunity to cure within a thirty-day period. *Id.* ¶ 14.

In August 2021, the management agreements ended. The parties dispute how they ended. ITEX asserts that plaintiffs terminated the agreements, while plaintiffs claim the agreements expired. *Id.* ¶ 17; Pls.' Amended Resp. Statement of Facts ¶ 17, Doc. No. 61-2. In two articles published in the *Arkansas Democrat-Gazette* that October, plaintiffs' agents accused ITEX of "overwhelming neglect" of the properties, said ITEX "had no excuse not to take care of the property," and called ITEX's conduct "a travesty." Def.'s Resp. Statement of Facts ¶ 13, Doc. No. 60.

Plaintiffs sued ITEX for breach of contract. They also brought claims for conversion, respondeat superior, and negligence, alleging that ITEX employees embezzled funds and stole items from the properties. ITEX counterclaimed, alleging breach of contract, defamation, false light invasion of privacy, promissory estoppel, and unjust enrichment. ITEX moves for summary judgment on plaintiffs' claims. Plaintiffs move for partial summary judgment on ITEX's defamation, false-light, and breach-of-contract claims. ITEX

2

also moves to strike affidavits attached to plaintiffs' response to its motion for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A.   ITEX's Motion to Strike

ITEX's motion to strike the affidavits attached to plaintiffs' response to its motion for summary judgment is granted in part and denied in part.  ITEX objects to the affidavits of Kenyon Lowe and Leta Anthony because it claims the affidavits contradict the witnesses' prior deposition testimony.  Any facts in the affidavits of Lowe or Anthony directly contradicting their deposition testimony will not be considered.  *See Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365–66 (8th Cir. 1983) (holding that an affidavit filed

by the plaintiff in opposition to a motion for summary judgment that directly contradicted his previous deposition testimony was insufficient to create a genuine issue of material fact). But facts in these affidavits that clarify or explain deposition testimony will be considered. *City of St. Joseph, Mo. v. Sw. Bell Tel.*, 439 F.3d 468, 476 (8th Cir. 2006).

ITEX objects to the affidavits of Regina Pierce and Melvin Ousley because plaintiffs did not identify these witnesses until 10:29 p.m. on the day discovery closed. Def.'s Br. Supp. Mot. to Strike Ex.1, Doc. No. 63-1. ITEX further objects to these affidavits because, while plaintiffs identified Pierce and Ousley as expert witnesses, plaintiffs did not provide a summary of the facts and opinions they were expected to testify about as required under Federal Rule of Civil Procedure 26(a)(2)(c). Absent stipulation of the parties or a court order, parties must disclose the identity of non-retained experts who may testify at trial and disclose "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26(a)(2)(c)). Under Federal Rule of Civil Procedure 37(c)(1), if a party does not satisfy the expert disclosure requirements in Rule 26(a)(2), the undisclosed information or expert is excluded unless the failure was substantially justified or harmless. *Id*. Plaintiffs' failure to comply with Rule 26 was not substantially justified or harmless. After ITEX moved to compel discovery, plaintiffs were ordered to respond to discovery. Doc. Nos. 12 & 15. The discovery deadline was later extended. Doc. No. 23. Plaintiffs had

ample opportunity to comply with their discovery obligations, and they did not. Accordingly, expert opinion in the affidavits of Pierce and Ousley will not be considered.

Finally, ITEX objects to the affidavits of Myrtle Smith and Courtney Clark because these witnesses were not disclosed during discovery. Courtney Clark's affidavit is stricken because, as plaintiffs admit, Clark was not disclosed to ITEX during discovery. Pls.' Resp. Mot. to Strike 7, Doc. No. 68. Myrtle Smith, however, was identified during discovery (as "Merl Smith"), so her affidavit will be considered. *Id*.

B.  ITEX's Motion for Summary Judgment

ITEX's motion for summary judgment is granted on plaintiffs' breach-of-contract claim and denied on plaintiffs' conversion, respondeat superior, and negligence claims.

*1. Dismissal of claims as sanction*

ITEX's request to dismiss plaintiffs' claims as a sanction for discovery violations is denied. *See* Doc. No. 50 (denying ITEX's motion for sanctions).

*2. Dismissal of MHA HAGM, LP's claims*

ITEX's request to dismiss the claims of MHA HAGM because it is an improper party is denied because there is a dispute as to which entity—MHA HAGM, LP or Granite Mountain Development, LP—owned the Homes at Granite Mountain during the relevant timeframe. ITEX asserts that Granite Mountain Development, not MHA HAGM, was the owner. Def.'s SUMF ¶ 10. Plaintiffs assert that MHA HAGM was the owner. Pls.' Amend. Resp. Statement of Facts ¶5, Doc. No. 61-2. The record includes a contract dated February 1, 2020, between ITEX and Granite Mountain Development naming Granite Mountain

5

Development as the owner. Def.'s Mot. Summ. J. Ex. 8, Doc. No. 40-8. And Kenyon Lowe testified that Granite Mountain Development was the owner as of April 30, 2021. Deposition of Kenyon Lowe (MHA MAGM 30(b)(6)) at 23:16–24:10, Doc. No. 40-9. But the record also includes another contract dated February 1, 2020, between ITEX and MHA HAGM, naming MHA HAGM as the owner, although the signature page names Granite Mountain Development as the owner. Pls.' Amend. Resp. Mot. Summ. J. Ex. B, Doc. No. 61-4. Because whether MHA HAGM is a proper party is in dispute, dismissal of its claims is not appropriate.

### 3. Breach of contract

Summary judgment is granted on plaintiffs' breach-of-contract claim. To prevail on their breach-of-contract claim, plaintiffs must prove the existence of a valid and enforceable contract between plaintiffs and ITEX, the obligation of ITEX under the contract, a violation by ITEX, and resulting damages. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 7–8, 436 S.W.3d 445, 450. The parties do not dispute that there were valid agreements between ITEX and University Heights and Madison Heights II (although, as discussed above, they dispute which entity owned the Homes at Granite Mountain). The parties do not dispute that those agreements were breached, but they dispute who is responsible for the breach as well as damages.

On the breach issue, plaintiffs have failed to produce admissible evidence demonstrating a genuine dispute of material fact. Plaintiffs alleged that ITEX breached the agreements by failing to market the properties to prospective tenants, failing to manage the

6

make ready process, failing to rent the properties to full capacity, failing to recertify residents, failing to maintain the physical conditions of the properties and make repairs, failing to respond to inquiries from prospective tenants, failing to properly manage staff, failing to open amenities, and failing to remove residents who were acting illegally. Compl. ¶¶ 18–33. Leta Anthony, plaintiffs' Rule 30(b)(6) designee, however, could not identify which Madison Heights II units or residents had complaints about management or repairs. Deposition of Leta Anthony Dec. 29, 2022 (Madison Heights II 30(b)(6)) ("Anthony Dep. II") at 15:5–14, 16:20–25, 17:6–9, Doc. No. 40-11. She could not identify units that were unoccupied because they were not marketed, *id*. at 43:4–6; 43:23–44:4, or which units ITEX failed to make ready. *Id*. at 46:23–47:13. She could not identify which residents were not recertified, *id*. at 57:13–16, or which units were not maintained. *Id*. at 57:17–20. *See also* Deposition of Leta Anthony Dec. 29, 2022 (University Heights 30(b)(6)), Doc. No. 40-12 (Anthony unable to identify Madison Heights I units or residents with problems).

In response to ITEX's summary judgment motion, Melvin Ousley, CAHC's maintenance director, identified several units that were damaged and in need of repair after ITEX left in the summer of 2021. Aff. of Melvin Ousley ¶¶ 3–8, Doc. No. 61-6. But plaintiffs did not identify damaged units in their Rule 26 disclosures, in response to discovery requests, or during 30(b)(6) depositions. And plaintiffs did not produce the list of damaged units attached to Ousley's affidavit until they moved to amend their response to ITEX's motion for summary judgment, two months after discovery closed. Doc. No. 61. Ousley's affidavit, without more, is insufficient to create a genuine dispute of material fact on the issue

of breach. *See Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 289 (8th Cir. 1988) ("[A] district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before.").

Even if plaintiffs could produce evidence to show that ITEX violated the management agreements, to overcome summary judgment on their breach-of-contract claim, plaintiffs must produce admissible evidence to show damages. They have not. In her deposition, Anthony could not calculate the damages plaintiffs suffered as a result of ITEX's failure to make vacant units ready to rent. Anthony Dep. II at 54:10–15. She did not know the damages plaintiffs suffered from the alleged failure to rent out the properties. *Id*. at 59:13–22. She could not provide an amount of revenue lost because of the alleged failure to recertify. *Id*. at 60:23–61:12. Nor could she quantify damages from the failure to open amenities, including the pool, parking gate, and gym. *Id*. at 66:4–9. She could not calculate the loss of income from the alleged failure to respond to inquiries from prospective tenants. *Id*. at 80:14–20.

In response to ITEX's motion for summary judgment, plaintiffs' damages expert and CAHC finance director Regina Pierce estimated that plaintiffs sustained $6,000,000 in damages. Aff. of Regina Pierce ¶ 11, Doc. No. 61-5. But plaintiffs did not disclose her damages calculation during discovery. Nor did they provide a summary of the facts and opinions she was expected to testify about as required under Rule 26(a)(2)(c). As discussed above, Pierce's undisclosed expert opinion about damages will not be considered.

Summary judgment is appropriate because plaintiffs have not shown that there is a genuine dispute of fact on their breach-of-contract claim.

### *4. Conversion, Respondeat Superior, and Negligence*

Summary judgment is denied on plaintiffs' conversion, respondeat superior, and negligence claims, which were pled in the alternative. Compl. ¶¶ 42–65. Plaintiffs allege that ITEX or its employees stole personal property including appliances, furniture, tools, and equipment from the properties and embezzled rental and security deposit funds from residents. They claim that ITEX is vicariously liable for the acts of its employees and agents who stole the property. Plaintiffs also claim that, if the property was stolen by people who were not employed by ITEX, ITEX was negligent in failing to secure the property. These claims relate only to the Homes at Granite Mountain. Def.'s SUMF ¶ 33.

Plaintiffs have produced sufficient evidence to show that ITEX employees converted their property. To prevail on a conversion claim, the plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of, or is inconsistent with, the owner's rights. *Integrated Direct Mktg., LLC v. May*, 2016 Ark. 281, at 3, 495 S.W.3d 73, 75. Anthony testified at her deposition that plaintiffs filed police reports about the stolen property, but she could provide no details. Deposition of Leta Anthony Dec. 13, 2022 (Madison Heights II 30(b)(6)) at 89:23–90:8, Doc. No. 40-13. Anthony could not identify which residents or how many had property removed from their apartments. *Id*. at 82:20–25, 84:16–23. Nor could she identify the residents whose deposits were allegedly stolen. *Id*. at 90:15–24. She testified that she did not have an inventory of

property at the apartment complex before ITEX took over and after it left. *Id*. at 89:16–22.

Anthony did, however, identify a maintenance man named "Derek" and a woman named Jessica Cossey as two of the employees who allegedly converted the property. *Id*. at 86:5–25. Anthony also stated that, after ITEX left, the CAHC board noticed that apartments at the Granite Mountain property were missing refrigerators or stoves, and tables and golf carts were missing from the property. Aff. of Leta Anthony ¶ 8, Doc. No. 61-8. She also stated that tenants saw ITEX employees removing those items. *Id*. Plus, resident Myrtle Smith stated that she observed a maintenance man and another man who did not work on the property removing refrigerators and stoves from several apartments on multiple occasions in late summer of 2021. Aff. of Myrtle Smith ¶ 4, Doc. No. 61-7.

Considered in the light most favorable to plaintiffs, this evidence is sufficient to create a genuine issue of material fact on the conversion claim. Summary judgment on the conversion claim is therefore denied. Summary judgment is likewise denied on plaintiffs' negligence claim and their claim that ITEX is vicariously liable for the acts of its employees and agents.

    C.    <u>Plaintiffs' Motion for Partial Summary Judgment</u>

Plaintiffs' motion for partial summary judgment is granted on the false-light invasion-of-privacy claim and denied on the defamation and breach-of-contract claims.

*1. Defamation and false light*

Plaintiffs' motion for summary judgment is denied on ITEX's defamation claim and granted on the false-light claim. Plaintiffs admit that their agents made the statements

regarding ITEX's property management that appeared in the *Democrat-Gazette*. Pls.' Br. Supp. Mot. Summ. J. 2, Doc. No. 44. But they claim the statements are true and that they are therefore entitled to truth as a defense. To succeed on its defamation claim, ITEX must prove: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to ITEX; (3) publication of the statement by the plaintiffs; (4) the plaintiffs' fault in the publication; (5) the statement's falsity; and (6) damages. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 444, 47 S.W.3d 866, 875 (2001). Truth is a defense to a defamation claim, but the exact truth is not required. *Pritchard v. Times Sw. Broad., Inc.*, 277 Ark. 458, 463, 642 S.W.2d 877, 879 (1982).

Plaintiffs' motion for summary judgment on ITEX's defamation claim is denied because plaintiffs have failed to produce evidence demonstrating that their statements accusing ITEX of failing to maintain the properties were true. Plaintiffs have not produced admissible evidence showing that ITEX breached the management agreements, nor have they shown that ITEX "overwhelmingly neglect[ed]" the properties or "had no excuse not to take care of the properties." Def.'s Resp. Statement of Facts ¶ 13. Thus, there is a genuine dispute of material fact on the defamation claim.

Summary judgment is, however, granted on ITEX's false-light claim. To support a claim for false light invasion of privacy, ITEX must prove that (1) the false light in which it was placed by the publicity would be highly offensive to a reasonable person, and (2) plaintiffs had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which ITEX would be placed. *Dodrill v. Ark. Democrat Co.*, 265

Ark. 628, 638, 590 S.W.2d 840, 845 (1979). The evidence must support the conclusion that the publisher had serious doubts about the truth of its publication. *Duggar v. City of Springdale*, 2020 Ark. App. 220, at 16, 599 S.W.3d 672, 685. ITEX has not demonstrated that plaintiffs knew their agents' statements were false or had serious doubts about the truth of their agents' statements. Without this evidence, summary judgment is appropriate on the false-light claim.

### 2. Breach of contract

Plaintiffs' motion for summary judgment is denied on ITEX's breach-of-contract claim. Plaintiffs argue that ITEX's demand for payment after the agreements ended was ineffective because the demand failed to conform to HUD regulations. They contend that because their obligation to pay is triggered by an effective payment demand, the breach-of-contract claim is not ripe. Plaintiffs have not produced evidence showing that ITEX's request for payment failed to conform to applicable regulations or was ineffective under the agreements, so they are not entitled to summary judgment on this claim.

## IV. CONCLUSION

For the foregoing reasons, ITEX's motion for summary judgment [Doc. No. 40] is granted in part and denied in part. Plaintiffs' motion for partial summary judgment [Doc. No. 43] is granted in part and denied in part. ITEX's motion to strike [Doc. No. 62] is granted in part and denied in part. Plaintiffs' breach-of-contract claim and ITEX's false-light claim are

dismissed with prejudice.

    IT IS SO ORDERED this 19th day of December, 2023.

                                                        UNITED STATES DISTRICT JUDGE